IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WADE | § | |
| v. | § | CIVIL ACTION NO. 6:07cv488 |
| RUBY MARKS | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Willie Frank Wade, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is Ruby Marks, a Gregg County parole officer.

Wade says that on August 14, 2006, Marks came to the Gregg County Jail to serve him with reporting instructions, but failed to serve him with a written charging instrument saying how he was accused of violating his parole conditions. He says that (at the time of the filing of the case) he had spent 13 months in the Gregg County Jail without ever been served with such an instrument.

A habeas corpus application filed by Wade sheds additional light on his situation. This petition, and the response thereto, indicates that Wade was arrested in August of 2006 on charges of possession of a controlled substance (cocaine). He was also held in jail on charges of theft, possession of marijuana, and a parole revocation warrant. After a lab report showed that Wade had been in possession of .1 gram of cocaine, the District Attorney agreed to allow him to plead guilty or nolo contendere to the misdemeanor theft and marijuana charges, and the felony possession charge

would be dismissed.  Wade did plead guilty to the misdemeanor charges and the felony charge was dismissed.

His complaint in the present lawsuit is that Marks, the parole officer, did not furnish him with documentation showing what parole rules he was alleged to have violated.  The Magistrate Judge, in reviewing the pleading, stated that Wade had not shown that his confinement in the jail had ever been declared unlawful; on the contrary, he pleaded guilty to two misdemeanor charges.  In addition, the Magistrate Judge said, Wade did not show any harm from the fact that he was not served with notice of the Parole Board's charges against him until October 15, 2007.  He was being held in the Gregg County Jail on a number of different charges, including two misdemeanors, a felony charge, and the parole revocation warrant, and makes no showing that he could have secured his release in a more timely fashion even had he received notice of the Parole Board's charges earlier.

The Magistrate Judge also stated that even if state law required that Wade receive more timely notice of the Parole Board's charges against him, Wade made no showing that the failure to do so violated the Constitution of the United States.  In addition, the Texas statutes providing for notice to parolees of the charges against them do not give rise to a private right of action for any violations thereof.

Finally, the Magistrate Judge noted that the Fifth Circuit has held that a 13-month delay between execution of a parole revocation warrant and the final revocation hearing, which caused a loss of liberty for six of the 13 months, was not an unconstitutional or excessive delay.  In this case, Wade also did not show that the delay was unconstitutional or excessive; he was being held in jail on other charges, not merely the revocation warrant, and was released from jail when these charges were resolved.  Because Wade did not show that Marks' actions deprived him of any rights protected by the Constitution or laws of the United States, the Magistrate Judge recommended that his lawsuit be dismissed.

Wade filed objections to the Report of the Magistrate Judge on May 19, 2008.  In his objections, Wade says that the court should hear his case due to the fact that the parole officer "did

not study my case well enough, causing me to have to stay in jail for 15 months." As noted above, Wade was not merely held in jail on the parole revocation warrant, but also on the two misdemeanors and the felony charge which were pending against him. He has not shown that any wrongful actions by the parole officer caused him to stay in jail for that period of time; as the Magistrate Judge explained, even had he received notice of the Parole Board's charges against him, Wade makes no showing that this would have made any difference to the duration of his confinement. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 16th day of June, 2008.**

	**LEONARD DAVIS**
	**UNITED STATES DISTRICT JUDGE**